UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v.  ) | Criminal No. |
| ) | 15-10338-FDS |
| OSCAR NOE RECINES-GARCIA, et al., ) | |
| ) | |
| Defendants. ) | |

**PRELIMINARY ORDER OF SEVERANCE**

**SAYLOR, J.**

Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, the Court hereby issues the following preliminary order of severance in this case.

**I.    Background**

This is a criminal prosecution of alleged members of MS-13, which the government alleges is a criminal organization that originated in El Salvador and that now has members throughout the United States. The fourth superseding indictment, which was returned on August 20, 2016, charged 61 persons with racketeering conspiracy (based on predicates that include murder, attempted murder, and drug trafficking), as well as firearm possession, drug trafficking, immigration offenses, and other crimes. Among other things, the racketeering conspiracy count charges the commission of six murders and twenty attempted murders.

The original indictment was filed under seal on November 10, 2015; it named only one defendant, Oscar Noe Recines-Garcia. The indictment was superseded on December 15, 2015, to add a second defendant, and again on January 26, 2016, to add 55 more defendants. A third superseding indictment was returned on March 29, 2016, adding two additional defendants. The

overwhelming majority of defendants were arrested on or about January 29 or 30, 2016, and have been detained since that time; other defendants have remained fugitives.

As of this writing, there are 34 remaining defendants who (1) have not pleaded guilty, (2) have not formally requested a change of plea hearing, (3) have not been dismissed, or (4) are not fugitives. The majority of the remaining defendants are charged with racketeering conspiracy that includes murders or attempted murders in which they are specifically alleged to have personally participated.

It is obvious that, absent further pleas, the case will have to be split into multiple parts for trial, if for no other reason than purposes of manageability. On November 2, 2016, the Court ordered the government to propose an initial plan for severance in order to provide for manageable and fair trials of the remaining defendants. The government's response, filed December 1, 2016, proposed four separate groupings of defendants. Defendants submitted a joint response on January 18, 2017, stating, among other things, that they had not received sufficient discovery to provide a meaningful response to that proposal. Defendants further contended that each alleged murder should be tried separately to avoid prejudicial spillover.

The Court, of course, has no way of knowing whether all 34 remaining defendants will go to trial. Furthermore, it appears that the government has not yet complied with its discovery obligations in all respects. Nonetheless, for at least two reasons, it is necessary to begin the process of severing defendants and/or counts and scheduling trials.

The first problem is a strictly practical one. Scheduling a matter of this complexity cannot be accomplished on short notice. The Court has a finite amount of time available for trial and it has other commitments, including other cases that need to be tried. Defendants are represented by busy counsel who have, and will continue to incur, their own commitments,

including state-court trials and hearings (such as trials for murder and other serious charges). And even if the prosecutors are handling no other cases, they too, presumably have other professional and personal commitments. The Court must therefore begin to set aside blocks of time so that all participants can plan their schedules accordingly.

The second problem arises from the constitutional and statutory rights to a speedy trial. *See* U.S. Const. Am. VI; 18 U.S.C. § 3161 *et seq.* Many of the defendants have already been detained for well over a year. Moreover, the scheduling of a trial for the first group of defendants is only the beginning; it is possible that the last group will be detained for many months afterward until their case is ready for trial. And the right to a speedy trial does not apply solely to defendants; the public also has an interest in avoiding undue delays. *See, e.g., Zedner v. United States*, 547 U.S. 489, 501-02 (2006).

Accordingly, the Court hereby gives preliminary notice pursuant to Fed. R. Crim. 14(a) that it intends to sever this matter for trial into four groups, as follows:

Group One:

- 5. Santos Portillo-Andrade, a/k/a "Flaco"
- 9. Edgar Pleitez, a/k/a "Cadejo"
- 17. Carlos Melara, a/k/a "Chuchito"
- 26. Jose Vasquez, a/k/a "Little Crazy"
- 31. Oscar Duran, a/k/a "Demente"
- 32. Edwin Gonzalez, a/k/a "Sangriento"
- 33. Henry Josue Parada Martinez, a/k/a "Street Danger"
- 38. Edwin Diaz, a/k/a "Demente"
- 40. Jairo Perez, a/k/a "Seco"
- 58. Rigoberto Mejia, a/k/a "Ninja"
- 59. Modesto Ramirez, a/k/a "Snoopy"

Group Two:

- 1. Oscar Noe Recinos-Garcia, a/k/a "Psycho"
- 2. Julio Esau Avalos-Alvarado, a/k/a "Violento"
- 3. German Hernandez-Escobar, a/k/a "Terible"
- 4. Noe Salvador Perez-Vasquez, a/k/a "Crazy"

   15. Luis Solis-Vasquez, a/k/a "Brujo"
   19. Jose Rene Andrade, a/k/a "Inocente"
   20. Hector Enamorado, a/k/a "Vida Loca"
   37. Rutilio Portillo, a/k/a "Pantera"
   60. Josue Alexis De Paz, a/k/a "Gato"

Group Three:

   6. Herzzon Sandoval, a/k/a "Casper"
   7. Edwin Guzman, a/k/a "Playa"
   11. Cesar Martinez, a/k/a "Cheche"
   14. Erick Argueta Larios, a/k/a "Lobo"
   18. Joel Martinez, a/k/a "Animal"

Group Four:

   21. Henry Santos-Gomez, a/k/a "Renegado"
   22. Rafael Leoner-Aguirre, a/k/a "Tremendo"
   23. Hector Ramirez, a/k/a "Cuervo"
   24. Daniel Menjivar, a/k/a "Roca," a/k/a "Sitiko"
   25. Angel Pineda, a/k/a "Bravo," a/k/a "Jose Lopez"
   27. David Lopez, a/k/a "Cilindro," a/k/a "Villano"
   28. Bryan Galicia-Barillas, a/k/a "Chucky"
   29. Domingo Tizol, a/k/a "Chapin"
   34. Josue Morales, a/k/a "Blancito"

The foregoing groupings are preliminary, and are subject to modification in light of changed circumstances and as justice may require.

Trial of the first group, identified above as "Group Four," shall begin with jury empanelment on Monday, November 6, 2017. Counsel should expect that the trial will last until at least December 15, 2017, with time off for the Thanksgiving holiday. Because of the unavailability of the Court, trial will not be held the week beginning December 18, 2017. The trials of the three remaining groups are likely to take place in the winter and spring of 2018.

Any party who wishes to file preliminary objections to this order of severance shall do so by April 25, 2017. Any defendant who wishes to raise an issue of mutually antagonistic defenses, or any other issue that would require revelation of defense strategy, may raise such an

issue in an *ex parte* filing under seal.  Defendants may file further responses or objections after that date as may be appropriate.

The Court will issue such further orders of severance as justice may require.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  April 6, 2017 | United States District Judge |