UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>       v.                                                )<br>)<br>NOE SALVADOR PEREZ-VASQUEZ, )<br>LUIS SOLIS-VASQUEZ, and           )<br>HECTOR ENAMORADO,                )<br>)<br>       **Defendants.**                         )<br>) | Criminal No.<br>15-10338-FDS |

### ORDER SEALING JUROR INFORMATION

**SAYLOR, J.**

Under the District of Massachusetts Plan for Random Selection of Jurors, "[n]o person shall make public or disclose to any person not employed by this Court the names drawn from the Master Jury Wheel until the jurors have been summoned and have appeared, or failed to appear, in response to the summons. Any judge of this Court may order that the names of jurors remain confidential thereafter if the interests of justice so require." D. Mass. Plan for Random Selection of Jurors § 10(a); *see generally In re Globe Newspaper Co.*, 920 F.2d 88 (1990).

The Court hereby finds that the interests of justice require that the names and addresses of the jurors in this case remain confidential for the duration of the trial and for a reasonable period thereafter. The evidence (or anticipated evidence) in the case includes evidence of murders, attempted murders, and possible violent retaliation against cooperators. During the last trial in this case, several jurors expressed concern for their safety, and the Court found it necessary to individually voir dire each juror to ensure that he or she was confident in his or her ability to be a fair and impartial juror. That process took considerable time away from the trial,

and might have been avoided by sealing the names and addresses of the jurors earlier. Additionally, during the voir dire in this case, several potential jurors expressed concerns for their safety before a jury had even been empaneled. Although there is no evidence of any threatened retaliation against any jurors, and the Court has no specific reason to believe that jurors are in any actual danger, the jurors have a reason for concern that is not present in the ordinary criminal case. To date, there has been no express press interest in obtaining the identities of the jurors, and therefore the impact on the First Amendment rights of the press appears to be minimal.

Accordingly, in order to reassure the jurors and to ensure that their consideration of this case is not distorted by concerns for their safety, security, or privacy, the Court hereby ORDERS that the names and addresses of the jurors in this case be sealed and remain confidential for the duration of the trial and thereafter until further order of the Court, and shall not be disclosed by any court employee, attorney, or party. Any counsel who retains information concerning the addresses of jurors from the empanelment shall promptly destroy or delete that information. This order is subject to such reconsideration and/or supplementation as may be appropriate under the circumstances.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: March 30, 2018                                    United States District Judge