# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10338-FDS |
| ) | |
| 4. NOE SALVADOR PEREZ VASQUEZ ) a/k/a "CRAZY," ) | |
| ) | |
| 15. LUIS SOLIS VASQUEZ ) a/k/a "BRUJO," and ) | |
| ) | |
| 20. HECTOR ENAMORADO ) a/k/a "VIDA LOCA," ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S TRIAL MEMORANDUM CONCERNING PRIOR CONSISTENT STATEMENTS

The United States hereby submits this memorandum to advise the Court that it may seek to offer prior consistent statements of government's witness, Jeffrey Wood, as well as other witnesses should the opportunity be presented during the trial. Given the change in the rule permitting the use of prior consistent statements substantively, the government provides the following.

Prior consistent statements may be admissible to rehabilitate a witness under FRE 801(d)(1)(B). In 2014, the Federal Rules of Evidence were amended to allow for the admission of substantive evidence of consistent statements. FRE 801(d)(1)(B) provides:

A statement that meets the following conditions is not hearsay:

**(1) A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

      (B) is consistent with the declarant's testimony and is offered:
          (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

          **(ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or**

      (C) identifies a person as someone the declarant perceived earlier.

(Emphasis added)

In implementing the change the Advisory Committee wrote: "The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness — such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801, 2014 Advisory Committee Note. "Until December 2014, the rule defined as nonhearsay any prior consistent statement that was offered "to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i). The prior consistent statement was admissible as substantive evidence—even if not made under oath and without regard to the informality of its setting—as long as the opposing party suggested that the witness was fabricating testimony."[1] Under the more liberal amendment to the rule, "[e]very prior consistent statement offered to rehabilitate a witness is defined as nonhearsay, even when the witness has not been accused of fabrication." Id.

The Advisory Committee Notes further describe that since the witness is subject to cross examination, "[t]he prior statement is consistent with the testimony given on the stand,

---

[1]     Cheryl D. Stein, Rule 801(d)(1): The Admissibility of Prior Consistent Statements, AMERICAN BAR ASSOCIATION, (September 13, 2016), available at: https://apps.americanbar.org/litigation/committees/criminal/articles/summer2016-0916-rule-801-d-1-admissibility-of-prior-consistent-statements.html

and, if the opposite party wishes to open the door for its admission into evidence, no sound reason is apparent why it should not be received generally." Id.

The statements should be used in a way that "contextualizes, clarifies, or amplifies the meaning of the witness's testimony or inconsistent statement." United States v. Cotton, 823 F.3d 430, 437 (8th Cir. 2016). As such, the statements cannot be cumulative, but rather must offer additional value when introduced for the truth of the matter.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   s/ Glenn A. MacKinlay
        GLENN MACKINLAY
        KELLY BEGG LAWRENCE
        CHRISTOPHER POHL
        KUNAL PASRICHA
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on April 3, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                By:    s/ Glenn A. MacKinlay
                         GLENN MACKINLAY
                         Assistant United States Attorney