UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOE SALVADOR PEREZ VASQUEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Criminal Action No. <br> 15-10338-FDS |

**MEMORANDUM AND ORDER ON MOTION TO VACATE, MOTION TO EXPAND THE RECORD, AND MOTION FOR EVIDENTIARY HEARING**

**SAYLOR, C.J.**

Petitioner Noe Salvador Perez Vasquez has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Petitioner contends that his right to autonomy to decide his defense was violated when his attorney decided not to contest certain elements of one criminal count during closing argument. He also seeks an evidentiary hearing and has filed a motion to expand the record. For the reasons set forth below, the motions will be denied.

**I.     Background**

    **A.     Procedural History**

On January 26, 2016, a grand jury returned a superseding indictment charging Perez Vasquez with conspiracy to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d) (Count Two); conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §846 (Count Three); possession of a firearm in furtherance

of the cocaine trafficking conspiracy, in violation of 18 U.S.C. §924(c)(1) (Count Four); and conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §846 (Count Eleven). On April 23, 2018, a jury convicted him of Counts Two, Three, and Eleven, and returned a special finding that he was responsible for two murders in relation to Count Two. He was sentenced on July 16, 2018, to life in prison and a five-year term of supervised release. He appealed his conviction, and the United States Court of Appeals for the First Circuit affirmed the judgement.

On September 12, 2022, Perez Vasquez filed a motion to set aside his conviction under 28 U.S.C. § 2255. He filed a motion to expand the record on May 1, 2023, and a motion for an evidentiary hearing on May 8, 2023.

### B. Factual Background

At trial, Perez Vasquez's attorney gave a 45-minute closing argument. Although he contested several elements of the charged offenses, he chose not to contest that Perez Vasquez was a member of a criminal enterprise:

> We're going to try to make your task a little bit easy for you in that we are acknowledging and we're not contesting that our client, Mr. Perez-Vasquez, had a membership in a criminal enterprise, and we agree that the legal definition of a continual enterprise is proper and fits in this case, although the common sense interpretation of an enterprise doesn't really apply here because there was no level or degree of sophistication within this group. But according to the legal definition, we are agreeing that it does qualify as a criminal enterprise and that our client was a member of the criminal enterprise, so those are two burdens that you're not going to have to struggle with when you receive this case and begin deliberation.
>
> We are contesting our client's involvement in two murders, and our contesting his involvement in those two murders is going to be based upon the legal definition of what constitutes an act of malice in a murder, and it's not my job to explain to you what those instructions are.

(Transcript of Jury Trial Day 16 ("Tr.") at 93).

> But let me just tell you, ladies and gentlemen, that there has been no

>   evidence produced during this trial that shows that Noe Perez-Vasquez shared an intent to commit murder in this case.

(Tr. at 94).

>   It's important to determine who was the leader of ELS in late 2014 through 2015, and you have heard a lot of testimony from the four horsemen of provocation, the four cooperating witnesses, the informants, the snitches, however you want to call them, who all said that Mr. Perez-Vasquez had the first word for ELS.
>
>   You've also heard statements and transcripts that were read to you where people were commenting on his position within the clique, and we don't deny that at one point in time he may have played a leadership role within that clique, and we also don't deny that he had intentions of elevating himself at some time in the future to be a leader of that clique again, but I've put on the screen for you some comments that Mr. Benzaken and I found in the record of this case, which are comments on Mr. Perez-Vasquez' [sic] character within the group that came from other gang members.

(Tr. at 95-96).

Counsel proceeded to attack the credibility of the government's witnesses and argue that the evidence presented at trial was insufficient to prove beyond a reasonable doubt Perez Vasquez's intent to murder, his possession of a gun during the cocaine trafficking, and his leadership role in the conspiracy.

**II.     Legal Standard**

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief under § 2255. *Id.*; *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). In deciding whether a petitioner has met that burden, the court generally must accept his factual

3

statements as true, "but . . . need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

### A. Ineffective Assistance of Counsel

A petitioner claiming a violation of the Sixth Amendment right to effective assistance of counsel must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on such a claim, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result. *Id.*

The first prong requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 689. A court making that evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* A petitioner may overcome that presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances." *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007). The second prong requires petitioner to show that counsel's deficient performance resulted in "prejudice"— that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### B. Evidentiary Hearing and Expanding the Record

The court has authority to determine whether to grant an evidentiary hearing, based on a review of the record. *See* Rule 8(a), Rules Governing Section 2255 Cases. Although there is no right to an evidentiary hearing, the statute provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief the court *shall* . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b) (emphasis added); *see McGill*, 11 F.3d at 225.

However, "evidentiary hearings on motions are the exception, not the rule," and motions can often be "heard" on the papers alone; therefore, the petitioner carries a "fairly heavy burden of demonstrating a need for special treatment." *Id.*  The court may forego a hearing when (1) the motion is inadequate on its face; (2) the movant's allegations, even if true, do not entitle him to relief, or (3) his allegations need not be accepted as true because they "state conclusions of facts, contradict the record, or are inherently incredible." *David*, 134 F.3d at 477-78; *compare id.* (affirming dismissal of a § 2255 motion without an evidentiary hearing where the petitioner alleged that he had learned of a favorable plea offer extended by the government that was not communicated to him until after its withdrawal, but offered "no specifics, e.g., who made the proposal, when it was tendered, what conditions were attached to it, why it was withdrawn, or how the petitioner came to hear of it"), with *Nembhard v. United States*, 56 F. App'x 73, 75-77 (3d Cir. 2002) (finding that a district court abused its discretion by failing to hold an evidentiary hearing where nothing in the record contradicted petitioner's allegation that "Counsel ... failed to file a Notice of Appeal after being [ ] advised to do so by petitioner" even though he had not alleged when he made such a request).

Before deciding whether to grant an evidentiary hearing, the court may also direct the petitioner to "expand the record by submitting additional materials relating to the petition," which would give the government a chance to "admit or deny" the veracity of the supplemental materials.  Rule 7, Rules Governing Section 2255 Cases.

### III. <u>Analysis</u>

#### A. <u>Ineffective Assistance of Counsel</u>

Petitioner contends that his attorney's decision to concede certain elements of the charged racketeering conspiracy constituted a *per se* violation of his "right to make the fundamental choices about his own defense." *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018).  That

violation of his "autonomy to decide . . . the objective of the defense," petitioner asserts, entitles him to a new trial even without a showing of prejudice. *Id.* at 1508.

Petitioner's reliance on *McCoy* is inapposite. In that case, a defendant indicted on three counts of first-degree murder "vociferously insisted on his innocence and adamantly objected to any admission of guilt." *Id.* at 1503. Notwithstanding the defendant's "intransigent and unambiguous objection," defense counsel conceded his client's guilt in his opening statement before the jury during the guilt phase of the defendant's capital trial. *Id.* at 1507. He told the jury that "[his] client committed three murders" and that the evidence was "unambiguous." *Id.* (internal citations omitted). In fact, he "told the jury there was 'no way reasonably possible' that they could hear the prosecution's evidence and reach 'any other conclusion than [the defendant] was the cause of these individuals' death.'" *Id.* at 1506 (internal citations omitted). The Supreme Court held that the defendant's "Sixth Amendment-secured autonomy" was violated when his "strenuous[] objecti[ons]" were ignored by "court and counsel." *Id.* at 1511-12. The required corrective for that "structural" error was a new trial. *Id.* at 1511.

Petitioner's case, however, is very different from that of *McCoy*. Here, defense counsel did not concede petitioner's guilt, but rather made a "strategic [decision] about whether to concede an element of a charged offense." *Id.* at 1510. As the court in *McCoy* explained, disputes of that sort do not give rise to Sixth Amendment autonomy claims. "Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *Id.* at 1508 (quoting *Gonzalez v. United States*, 553 U.S. 242, 248 (2008)). Furthermore, petitioner did not object to his counsel's strategy at any point during the proceedings. Thus, *McCoy* is not controlling.

6

Instead, petitioner's claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Stickland*, a petitioner seeking relief based on ineffective assistance of counsel must show both (1) deficient performance by counsel and (2) prejudice to the defense. *Id.* at 687. Petitioner cannot make either showing.

First, trial counsel's decision to concede some elements of the charged RICO conspiracy does not render his performance deficient. "A lawyer's performance is deficient under *Strickland* (466 U.S. 668) 'only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.'" *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010) (quoting *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006)). Because the evidence presented at trial against petitioner was overwhelming (*See, e.g.*, Gov't's Opp., at 2-10), counsel's decision to forego weaker arguments and focus on stronger arguments is not "patently unreasonable." *See Haines v. Risley*, 412 F.3d 285, 289-90 (1st Cir. 2005) ("[T]o couple a weak argument with a stronger one may detract from the latter, and to contradict the direct and clear [evidence] might weaken counsel's own credibility in selling his more plausible version of events.").

Second, petitioner cannot show that his lawyer's closing argument prejudiced his defense.[1] "In assessing prejudice under *Strickland*, the question is . . . whether it is 'reasonably likely' the result would have been different. *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (citations omitted). The "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. Given the strength of the government's evidence, it is not reasonably

---

[1] Petitioner contends that he need not demonstrate prejudice at all. *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (presuming prejudice where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"). That is simply not the case here. Petitioner's trial counsel advocated for petitioner throughout the criminal proceeding, precluding application of *Cronic*'s presumption of prejudice. *See Bell v. Cone*, 535 U.S. 685, 696-97 (2002) ("When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete.").

likely that the result of his trial would have been different had counsel refused to make concessions on any elements of the RICO conspiracy.

Because petitioner has established neither deficient performance of counsel nor prejudice to the defense, his ineffective assistance of counsel claim fails.

### B. Evidentiary Hearing and Expanding the Record

Petitioner's motion for an evidentiary hearing and motion to expand the record will also be denied. Here, "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, petitioner has not made any showing let alone a "sufficient threshold showing that material facts were in doubt or in dispute." *McGill*, 11 F.3d at 225 (citing *United States v. Panitz*, 907 F.2d 1267, 1273-74 (1st Cir. 1990)).

## IV. Conclusion

For the foregoing reasons, the motions of petitioner Noe Salvador Perez Vasquez to vacate, set aside, or correct a sentence; for an evidentiary hearing; and to expand the record are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: October 6, 2023